**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| **MINGOE CONSULTING LLC,**<br><br>Plaintiff,<br><br>v.<br><br>**MICRO-STAR INTERNATIONAL CO., LTD.,**<br><br>Defendant. | **CIVIL ACTION NO. 2:26-cv-849**<br><br>**ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**JURY TRIAL DEMANDED** |

## ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

Mingoe Consulting LLC ("Mingoe" or "Plaintiff") files this Original Complaint for Patent Infringement against Micro-Star International Co., Ltd. ("MSI" or "Defendant") and alleges as follows:

## THE PARTIES

1. Mingoe Consulting LLC ("Mingoe" or "Plaintiff") is a Texas limited liability company with its principal place of business at 6275 W. Plano Parkway, Plano, Texas 75093.

2. Defendant Micro-Star International Co., Ltd. is organized under the laws of Taiwan and maintains its principal or registered office at No. 69, Lide St., Zhonghe District, New Taipei City 235, Taiwan.

3. MSI's 2025 annual report identifies MSI Computer Corp. as its wholly owned United States subsidiary, reports that the Americas accounted for 27.44% of 2025 sales, and identifies MSI executives who direct the U.S. subsidiary. MSI's public contact page lists U.S. sales, marketing, service, and support operations at 901 Canada Court, City of Industry, California.

## JURISDICTION AND VENUE

4. This action arises under the patent laws of the United States, 35 U.S.C. §§ 1 et seq. This Court has subject-matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

5. MSI designs and specifies the accused MSI-branded systems and acts in concert with MSI Computer Corp. to deliver them through established United States distribution channels with the expectation that they will be purchased and used in Texas and this District.

6. Those acts form part of the infringement alleged here and establish specific personal jurisdiction under the Texas long-arm statute and federal due process. See *Beverly Hills Fan Co. v. Royal Sovereign Corp.*, 21 F.3d 1558, 1565–68 (Fed. Cir. 1994).

7. Alternatively, this Court has personal jurisdiction under Federal Rule of Civil Procedure 4(k)(2). The claims arise under federal law; Defendant has extensive contacts with the United States as a whole; and, to the extent Defendant contends that no State may exercise general jurisdiction over it, Rule 4(k)(2) supplies jurisdiction consistent with due process.

8. Venue is proper under 28 U.S.C. § 1391(c)(3) because Defendant is not resident in the United States and may be sued in any judicial district. See *In re HTC Corp.*, 889 F.3d 1349, 1357 (Fed. Cir. 2018).

## **THE ’411 PATENT**

9. On March 26, 2013, the United States Patent and Trademark Office duly issued U.S. Patent No. 8,407,411, titled "Operation Frequency Adjusting System and Method Thereof" (the "’411 Patent"). The application was filed on June 28, 2010.

10. Mingoe is the sole and exclusive owner of all right, title, and interest in the ’411 Patent, including the right to sue and recover damages for past infringement.

11. Claim 1 recites an operation-frequency-adjusting system having: (1) a statistic module that counts effective operations of DRAM; (2) a parameter-configuration module that generates a target operation frequency according to that count; and (3) a frequency-switch controller that switches the DRAM from its present operation frequency to the target frequency.

12. Mingoe has complied with 35 U.S.C. § 287 to the extent applicable. During the recoverable damages period, neither Mingoe nor its predecessors-in-interest made, offered for sale, sold, or imported

into the United States a patented article practicing the ’411 Patent. Constructive notice by marking of Mingoe’s own articles therefore does not apply. See *Arctic Cat Inc. v. Bombardier Recreational Prods. Inc.*, 950 F.3d 860, 864 (Fed. Cir. 2020) (Arctic Cat II) (a patentee who never makes or sells a patented article may recover pre-suit damages even absent notice, subject to licensee compliance).

13. Further, on information and belief, during the recoverable damages period Mingoe has had no licensees who made, offered for sale, sold, or imported into the United States a patented article practicing the ’411 Patent. Mingoe’s only presently pending United States enforcement action on the ’411 Patent is Mingoe Consulting LLC v. ASUSTeK Computer Inc., No. 2:25-cv-770 (E.D. Tex.), which remains active litigation and does not constitute a license to ASUSTeK or any third party. Mingoe is aware of no settlement agreement or other license under the ’411 Patent authorizing any person to make, offer for sale, sell, or import a patented article in the United States. Accordingly, there are no licensee-made patented articles whose marking (or failure to mark) separately conditions pre-suit damages under *VDPP, LLC v. Volkswagen Grp. of Am., Inc.*, No. 2024-2226 (Fed. Cir. Aug. 19, 2026), and Arctic Cat II. Mingoe does not rely on bare conclusions that “all statutory requirements” or “all conditions precedent” are met; the specific facts alleged in this paragraph and the preceding paragraph are the basis for § 287 compliance as presently known.

14. In the alternative, and without waiving the foregoing, filing and service of this Original Complaint constitute actual notice of infringement under 35 U.S.C. § 287(a) for post-suit damages. Mingoe seeks pre-suit damages to the full extent permitted by 35 U.S.C. §§ 286 and 287 based on the compliance facts alleged above, and post-suit damages based on actual notice from filing and service.

## THE ACCUSED PRODUCTS

15. The accused instrumentalities are MSI Aegis RS 14th desktop configurations containing an unlocked 14th-generation Intel Core processor, an Intel Z790 motherboard and compatible BIOS implementing Intel DMB, and XMP-certified DDR5 memory (the "Accused Products"). An exemplar is Aegis RS 14NUF9-622US (manufacturer part AeRS14NUF622) when configured with DMB enabled. MSI's specification sheet for that SKU lists an Intel Core i9-14900KF, Intel Z790 chipset, PRO Z790-A MAX WIFI motherboard, 64 GB DDR5 memory, and NVIDIA GeForce RTX 4070 Ti graphics.

16. MSI identifies Aegis RS 14NUF9-622US with an Intel Core i9-14900KF processor, Intel Z790 chipset, PRO Z790-A MAX WIFI motherboard, and 64 GB DDR5 memory. MSI's PRO Z790-A MAX WIFI user guide states that the board supports Intel XMP 3.0 OC, Intel Extreme Tuning Utility, hardware monitoring, and MSI "Memory Boost." MSI markets Aegis RS 14th systems as assembled with standardized MSI components. As noted in the accompanying technical materials, MSI's "Memory Boost" branding is distinct from Intel Dynamic Memory Boost and is cited here as OEM evidence of memory-overclocking and monitoring facilities on the same motherboard platform; BIOS-level Intel DMB enablement remains for discovery confirmation.

17. Intel describes DMB as intelligent, on-demand memory overclocking that optimizes platform performance based on usage. Intel further states that memory frequency and voltage can scale dynamically based on bandwidth and workload demands, and that DMB requires a compatible processor, motherboard/BIOS, and XMP-certified system memory.

18. When DMB is enabled, the Accused Products count or accumulate DRAM-use operations through memory-controller performance-monitoring circuitry; use the resulting DRAM-usage statistic to select a target memory frequency; and direct the memory controller to switch from the then-present DRAM frequency to the selected target. The precise counter events and firmware control path are within Defendant's and its suppliers' possession.

19. On information and belief, Defendant itself imported, offered for sale, sold, and used Accused Products in the United States, including in product validation, memory compatibility testing, quality control, technical support, demonstration, and marketing. Defendant also placed complete Accused Products into established distribution channels reaching this District.

## COUNT I — DIRECT INFRINGEMENT OF U.S. PATENT NO. 8,407,411

20. Mingoe incorporates the preceding paragraphs as if fully set forth here.

21. Defendant directly infringed at least Claim 1 of the ’411 Patent under 35 U.S.C. § 271(a) by making, using, importing into the United States, offering to sell, and/or selling Accused Products in the United States without authority from Mingoe.

22. The Accused Products are operation-frequency-adjusting systems. Their DRAM-usage monitoring counts effective DRAM operations; their BIOS/firmware configuration logic generates a target DRAM operation frequency from that count; and their memory-controller logic switches the DRAM from its present frequency to that target.

23. Defendant’s unauthorized infringement caused Mingoe damages. Mingoe is entitled to damages adequate to compensate for the infringement, in no event less than a reasonable royalty, together with interest and costs as fixed by the Court under 35 U.S.C. § 284.

## COUNT II — WILLFUL INFRINGEMENT

24. Mingoe incorporates the preceding paragraphs as if fully set forth here.

25. Defendant has been on actual notice of the ’411 Patent at least as early as the date it received service of this Original Complaint. The ’411 Patent is not expected to expire before April 20, 2027.

26. On information and belief, Defendant’s infringement of the ’411 Patent is and will be willful at least from the filing and service of this Complaint. Despite that notice, Defendant continues to make, use, import, offer to sell, and/or sell Accused Products in the United States without authority from Mingoe.

27. In addition or in the alternative, on information and belief, Defendant has a policy or practice against investigating third-party patent rights, and its willful blindness qualifies for requisite knowledge of the '411 Patent. See *Estech Sys. IP, LLC v. Carvana, LLC*, No. 2:21-CV-0482-JRG-RSP, 2022 WL 17727752, at *2 (E.D. Tex. Sept. 26, 2022) (noting such an allegation is sufficient "because it provides fair notice of the allegation and the grounds upon which it rests"). Thus, Defendant's infringement of the '411 Patent is willful.

28. Mingoe is entitled to enhanced damages under 35 U.S.C. § 284 for Defendant's willful infringement.

**COUNT III — INDUCED INFRINGEMENT OF U.S. PATENT NO. 8,407,411**

29. Mingoe incorporates the preceding paragraphs as if fully set forth here.

30. Defendant has induced infringement under 35 U.S.C. § 271(b). Defendant performed actions that induced infringing acts that Defendant knew or should have known would induce actual infringements. See *Manville Sales Corp. v. Paramount Sys., Inc.*, 917 F.2d 544, 553 (Fed. Cir. 1990), quoted in *DSU Med. Corp. v. JMS Co.*, 471 F.3d 1293, 1306 (Fed. Cir. 2006) (en banc in relevant part).

31. Defendant's knowledge and specific intent are established by, among other things, actual notice from service of this Complaint and/or willful blindness to third-party patent rights as alleged above. Mingoe will rely on direct and/or circumstantial evidence to prove intent. See *Fuji Photo Film Co. v. Jazz Photo Corp.*, 394 F.3d 1368, 1377 (Fed. Cir. 2005); *Water Techs. Corp. v. Calco, Ltd.*, 850 F.2d 660, 668 (Fed. Cir. 1988).

32. Defendant has taken active steps to induce infringement, including advertising and instructing infringing uses of the Accused Products' memory-frequency adjusting features, which supports a finding of intent that the accused products be used in an infringing manner. See *Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 932 (2005).

33. As one non-limiting example, Defendant, with knowledge that the Accused Products infringe (including from service of this Complaint and/or willful blindness), knowingly and intentionally

induced, and continues to knowingly and intentionally induce, direct infringement of the ’411 Patent by providing product manuals for the PRO Z790-A MAX WIFI motherboard and MSI Center / related utilities and marketing that instruct customers and end users how to enable Intel XMP 3.0, Intel Extreme Tuning Utility features, hardware monitoring, and MSI “Memory Boost” memory-tuning options on Accused Products that also implement Intel Dynamic Memory Boost. (MSI’s “Memory Boost” branding is distinct from Intel Dynamic Memory Boost; both are cited as instructions and facilities encouraging memory-frequency adjustment on the same platform.) Defendant induces with the intent to cause infringing acts or, in the alternative, with the belief that there is a high probability of infringement while remaining willfully blind.

34. Customers and end users of the Accused Products directly infringe at least Claim 1 of the ’411 Patent by using the Accused Products in the United States in the manner instructed and intended by Defendant, including by enabling and operating Intel Dynamic Memory Boost together with XMP-certified memory on the accused platforms. Defendant is liable for that induced infringement under § 271(b).

## COUNT IV — CONTRIBUTORY INFRINGEMENT OF U.S. PATENT NO. 8,407,411

35. Mingoe incorporates the preceding paragraphs as if fully set forth here.

36. Defendant has contributorily infringed and continues to contributorily infringe at least Claim 1 of the ’411 Patent under 35 U.S.C. § 271(c) by offering to sell, selling, and/or importing into the United States a material component of the patented operation-frequency-adjusting system—namely, Accused Products comprising unlocked compatible processors, motherboard/BIOS implementations capable of Intel Dynamic Memory Boost, and XMP-certified DRAM configured to operate with DMB—knowing the same to be especially made or especially adapted for use in an infringement of the ’411 Patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use as so configured and supplied.

37. On information and belief, Defendant knows that the Accused Products are especially made or adapted for use in practicing Claim 1, including from service of this Complaint and/or willful blindness, and knows that end users will use those products in an infringing manner. Defendant is liable for contributory infringement under § 271(c).

38. Each of Defendant's aforesaid activities has been without authority and/or license from Mingoe. The foregoing infringement has caused past and ongoing injury to Mingoe. Mingoe is entitled to damages adequate to compensate for the infringement, in no event less than a reasonable royalty, together with interest and costs under 35 U.S.C. § 284, and to enhanced damages for willful infringement.

## PRAYER FOR RELIEF

WHEREFORE, Mingoe respectfully requests judgment:

A. Declaring that Defendant has infringed one or more claims of the '411 Patent, including by direct, induced, and/or contributory infringement;

B. Awarding damages for actionable infringement proven to have occurred in the United States before judgment, subject to 35 U.S.C. §§ 286 and 287, in an amount no less than a reasonable royalty;

C. Entering judgment awarding treble damages pursuant to 35 U.S.C. § 284 for Defendant's willful infringement of the '411 Patent;

D. Awarding pre-judgment and post-judgment interest and costs under 35 U.S.C. § 284;

E. Awarding reasonable attorneys' fees if this case is found exceptional under 35 U.S.C. § 285;

F. Entering a permanent injunction restraining Defendant, its officers, agents, employees, and those in active concert or participation with it from further infringement of the '411 Patent, to the extent permitted by law and equity; and

G. Granting such other lawful relief as the Court deems just and proper.

## JURY DEMAND

Mingoe demands a trial by jury on all issues so triable under Federal Rule of Civil Procedure 38.

Respectfully submitted,

*/s/ Christopher A. Honea*

M. Scott Fuller
Texas Bar No. 24036607
sfuller@ghiplaw.com
Randall Garteiser
Texas Bar No. 24038912
rgarteiser@ghiplaw.com
Christopher A. Honea
Texas Bar No. 24059967
chonea@ghiplaw.com

**GARTEISER HONEA, PLLC**
119 W. Ferguson Street
Tyler, Texas 75702
Telephone: (903) 705-7420
Facsimile: (903) 405-3999

Attorneys for Plaintiff